A90A0355. FEDERAL LAND BANK OF COLUMBIA v.
FULLARD et al.
(396 SE2d 503)

COOPER, Judge.
Appellant is the holder of a mortgage secured by property owned by appellees James and Nell Fullard. Pursuant to the mortgage, appellees obtained insurance on the secured property from Southern Mutual Insurance Company ("Southern Mutual") but did not list appellant as mortgagee under the mortgage clause of the insurance contract. Appellees' residence was destroyed by fire. When Southern Mutual denied claims submitted by appellees and appellant, appellees sued Southern Mutual for breach of contract. The trial court denied appellant's motion to intervene and the jury returned a $64,000 verdict for appellees to be paid into the court's registry. Following Southern Mutual's payment into the court, attorneys Hall and Thigpen filed liens on the judgment for $13,662.50 and $28,210, respectively and appellant filed a petition for disbursement of funds asserting an equitable lien on the insurance proceeds. Appellant also executed a release of a portion of the secured property, which included appellees' property, from the deed to secure debt. The trial court subsequently ruled that the parties were entitled to recover as follows: first priority, Hall, in the amount of $11,162; second priority, Thigpen, in the amount of $28,210; and the remainder to appellees.

The court assigned appellant third priority, but concluded that appellant had an equitable lien on the insurance proceeds which was released by the partial release of the secured property. This appeal followed.

1. Appellant contends the trial court erred in ruling that the execution of the partial release of the parcel of real estate upon which the residence had been located at the time of the fire released the equitable lien upon the insurance proceeds. Appellant's position is that it could release its security interest in the property without forfeiting its lien on the insurance proceeds. However, appellees raise a much more compelling question in their brief which must be resolved before a determination is made as to who is entitled to recover the proceeds as between Hall, Thigpen and appellant, and that is, whether or not appellant is entitled to recover the proceeds at all.

The coverage afforded by the insurance policy was $130,000 for damages to the residence; $13,000 for loss of use of other structures; $65,000 for personal property; and $26,000 for loss of use. In its motion to intervene, appellant stated that appellees claimed a total loss of $136,500 and its claim of loss was $50,000. The trial between appellees and Southern Mutual resulted in a verdict for appellees for $64,000 but did not specify whether or not the sum represented loss of the structures or loss of personal property. Appellant contends it is entitled to recover any proceeds which appellees might recover, however, the deed to secure debt only allows appellant to recover insurance proceeds resulting from insured buildings and not personal property. The record accompanying this appeal contains no trial transcript, and we cannot speculate on the meaning of the jury's verdict. While we realize that the trial court's denial of appellant's motion to intervene deprived appellant of the opportunity to propose a verdict form which could have delineated what the figure represented and the option of directly appealing the judgment, the time for appeal has passed.

Appellant contends that when the money was deposited into the court, its lien attached, and even though appellees tendered the fair market value of the land to appellant which triggered the release of the property described therein, the release had no effect on the lien. Even if this is the case, appellant's claim must fail because the clear language of the deed to secure debt provides for recovery for the destruction of buildings only and the judgment is not sufficiently specific. The trial court ruled that appellees should recover what is left of the proceeds after the satisfaction of the two attorney liens. This is as it should be because appellant's claim is without merit. Accordingly, the trial court was not in error.

2. The remaining enumerations of error will not be addressed because they were contingent upon appellant's success in Division 1.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 30, 1990.

*Gibson & Jackson, Stephen L. Jackson,* for appellant.
*M. Dean Hall, John R. Thigpen, Sr.,* for appellees.